Deaderick, J.,
delivered the opinion oí the court:
The bill in this case was filed in the chancery court at Jackson by the sureties of the late clerk of this court, to enjoin a judgment of this court rendered at its April term, 3 872, in the case of H. Irby, admr., etc., v. B. Miller.
Irby had obtained a decree against Miller in this court, upon which Miller’s property in Shelby county was sold. The sale produced more than to pay the debt, and Neely, upon a bill filed, obtained a decree for the residue of the funds in the hands -of Brown,-the clerk of this court.
Brown was notified that a motion would be made against him and his sureties on the 20th of June, 1871, as clerk and special commissioner, for the surplus arising from the sale of Miller’s property/ after satisfying. Irby’s decree.
The notice was given, and motion made in the name of B. Miller, for thekise of J. G. Neely.
The record shows that the motion was continued, by consent of plaintiff in the motion, and defendant Brown, and the counsel for the sureties, to the April term, 1872.
At this term it appears that an order of reference to the clerk was made, by consent of the parties, the clerk being instructed to ascertain and report how much was received by Brown, how much paid out, to- whom, and what sum remained in his hands.
Brown and the solicitors of the sureties, were notified of the taking of this account, and the clerk reported on the 6th of May, 3.872, that there was in the hands of Brown, late clerk, the sum of $1,264.63, and no exception being *440 taken to said report, it was confirmed and judgment rendered in favor of Neely against said Brown and bis sureties for tlie amount so reported by tbe cleric as still in the bands of said Brown.
This judgment of this court was impeached by said bill, and it was therein insisted that it was void for several reasons, as that the funds in the hands of Brown were under the control of this court, and could not be attached.
It was the surplus after paying the decree in favor of Irby that was attached, and.this surplus belonged to Miller, and ought to have been paid to> him or his assignee on demand. The cleric obtained the whole fund by virtue of his official character as cleric, and he was liable for it as siich.
It is also alleged that Neely was prosecuting the motion in Miller’s name without authority, and that Brown made no defense to the motion. It is sufficient answer to this position to say that Neely’s right to prosecute the motion might have been contested before- judgment, and cannot now be inquired into, and the record of the proceedings of this court show that Brown was notified, and his sureties represented by counsel.
But, without elaborating, it is sufficient to' say that the judgment of this court upon .the motion was not void, and there is no ground set up in the bill upon which a court of chancery could declare the judgment invalid.
Upon defendant’s motion, and upon grounds stated in the motion, the chancellor dissolved the injunction, and dismissed the bill, giving a decree against complainants and their surety in the prosecution and injunction bond for costs only.
Complainants appealed from the decree dismissing their bill, and the defendant has filed the record for error, and insists that the chancellor, in dismissing the bill and dissolving the injunction, should have entered up> a decree *441 against complainants and their surety in the- injunction bond for tbe amount of tbe judgment enjoined. This, we think, is tbe proper decree in tbe case, and tbe chancellor’s decree will be modified accordingly.'